**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-60113
Summary Calendar

CLARENCE McDONALD LELAND,

Plaintiff-Appellant,

VERSUS

MISSISSIPPI STATE BOARD OF REGISTRATION FOR
PROFESSIONAL ENGINEERS AND LAND SURVEYORS; DAVID W. ARNOLD;
ROSEMARY BRISTER; JOE L. BROWN; ROBERT M. CASE; MAURY BAYNE GUNTER;
ROBERT KILMER HUNTER; ROBERT R. REDDING; ROBERT MARTIN SCHOLTES;
RYLAND EUGENE SNEED; EDWARD SPRINGER,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(3:93-CV-193-LN)

November 26, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Clarence McDonald Leland ("Leland") sued

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

Defendants-Appellees the Mississippi State Board of Registration for Professional Engineers and Land Surveyors ("the Board") and its members claiming, *inter alia,* that defendants revoked his Mississippi engineering license in violation of his procedural and substantive due process rights. After a bench trial, the district court entered judgment for Leland, awarding him $10.00 in nominal damages due to the defendants' violation of Leland's procedural due process rights. The district court further found that Leland suffered no deprivation of his substantive due process rights and was not entitled to punitive damages, injunctive or declaratory relief.

FACTS

Leland graduated from Louisiana Tech University with a degree in electrical engineering in 1969. He sat for and passed a national professional examination and has been registered as a professional engineer in Louisiana since 1976, and in Texas since 1984. After working as a engineer in Louisiana for over ten years, Leland moved to Mississippi to attend law school. He planned to work part time as a professional engineer in Mississippi while he finished his law degree. He applied for a Mississippi professional engineer's license which the Board granted effective June 28, 1991 "on the basis of graduation, plus experience, examination and registration in another state." In November 1991, the Board notified Leland that his registration had been approved due to a

clerical error that indicated that he had taken and passed both examinations required, when in fact he had not taken the second test, Principles and Practices of Engineering Examination ("PE"). Therefore, the Board revoked his license and gave him two options: withdraw his application and surrender his seal or take the PE. Leland advised the Board by letter that he believed the Mississippi statute entitled him to a professional license without sitting for the PE, requested that they reconsider their decision and offered to meet with them. The Board, without notice to Leland, met, reconsidered his application and determined that he was not qualified for a Mississippi engineering license without sitting for and passing the PE. ANALYSIS

Leland contends that the district court erred by holding that compensatory damages cannot be awarded a plaintiff whose procedural due process rights are violated and who proved damages arising from that violation, unless the plaintiff suffered a violation of his substantive due process rights as well, citing *Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). While Leland's articulation of the law is correct, his argument miscomprehends the district court's ruling.

> The plaintiff obviously has suffered harm -- emotional as well as financial -- as a consequence of the Board's actions relating to his license. But the harm he has sustained has been caused by the revocation of his license and not merely by the Board's failure to afford him a due process hearing. And because the actual revocation of plaintiff's license did not, in the court's opinion, amount to a substantive due process violation,

3

plaintiff may recover herein no more than nominal damages for the proven procedural due process violation.

*Leland v. Mississippi State Board of Registration*, 3:93CV193(L)(N), at 7 (S.D.Miss. Dec. 28, 1995). Following *Carey*, the district court concluded that there was a procedural due process violation as a consequence of which plaintiff sustained no actual damages, and awarded Leland only nominal damages. Because we have concluded after a review of the record that the district court was correct, we will affirm its denial of Leland's actual damages.

Leland also contends that the district court erred in declining to enjoin the Board to reissue Leland's Mississippi license. The district court noted that while it was "likely" that the Board regulations requiring Leland to take the PE examination were contrary to the Mississippi statutes regulating engineer licensure, it was without jurisdiction to impose its view of the state law on the state agency under *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). The district court was again correct.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's opinion.

AFFIRMED.

4